**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enrique Montijo,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>　　　　Respondents. | No. CIV 11-592-TUC-RCC (LAB)<br><br>**REPORT AND**<br>**RECOMMENDATION** |

    On September 19, 2011, Enrique Montijo, an inmate confined in the Arizona State Prison Complex in Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. (Doc. 1)  He claims the trial court's use of aggravating factors at sentencing violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and due process. *Id*.  He further claims trial counsel and post-conviction relief counsel were ineffective for failing to raise these issues properly. *Id*.

    Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for report and recommendation.

    The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition.  The ineffective assistance claim against post-conviction relief counsel is not cognizable.  The remaining claims are time-barred.

Summary of the Case

Montijo pleaded guilty in Pima County Superior Court to one count of armed robbery, a class two felony, pursuant to a plea agreement. (Doc. 1, p. 1); (Doc. 12, p. 2)  On May 27, 2003, the trial court sentenced Montijo to an aggravated term of imprisonment of 12 years. (Doc. 1, pp. 1-2, 20); (Doc. 12, p. 3)

More than six years later, on January 29, 2010, Montijo filed a notice of post-conviction relief. (Doc. 12, p. 3)  In his petition, Montijo argued the trial court's use of aggravating factors at sentencing violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Id*.  He further argued the trial court's use of aggravating factors not explicitly listed in the state sentencing statute violated due process. (Doc. 12, p. 4)   On February 10, 2011, the trial court dismissed the petition as untimely. (Doc. 1, p. 21);  (Doc. 12-1, pp. 3-4)  Montijo filed a petition for review, which was denied by the court of appeals on July 29, 2011.  (Doc. 12-1, p. 2)

On September 19, 2011, Montijo filed the pending Petition for Writ of Habeas Corpus. He claims (1) the trial court's use of aggravating factors at sentencing violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), (2) his aggravating factors were all based on the "catch all" provision of A.R.S. § 13-702(C)(18) in violation of due process, and (3)(a) trial counsel and (3)(b) post-conviction relief counsel rendered ineffective assistance. (Doc. 1)  In their answer, the respondents argue the petition is time-barred and the issues are procedurally defaulted. (Doc. 12)

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241.  A one-year limitation period applies to persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d). The limitation statute reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The court analyzes the issue of timeliness on a claim-by-claim basis rather than giving the petition as a whole a single limitation period. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

Here, the limitation period for all claims, except for that part of claim (3) that deals with post-conviction relief counsel, was triggered when Montijo's judgment became final. Montijo was sentenced on December 9, 2003. (Doc. 1, pp. 21, 25) He had 90 days to file notice of his Rule 32 of-right petition. Ariz.R.Crim.P. 32.4(a). When he did not file a timely notice, his judgment became final when the deadline passed – March 8, 2004. *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) ("AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review."). The limitation period began running the next day and expired one year later on March 8, 2005. The instant petition was filed on September 19, 2011. Accordingly, all claims, except for that part of claim (3) that deals with post-conviction relief counsel, are time-barred.[1]

---

[1] The court expresses no opinion as to whether or not claim (3)(b) is also time-barred.

- 3 -

1    Montijo argues the limitation statute should not bar his petition because "ADOC's 2 removal of law libraries, and inmate paralegals, has removed the possibility of ascertaining new 3 laws, such as Apprendi, Blakely, or any laws whatsoever . . . ." (Doc. 1, p. 11) In his reply, he 4 further explains that at the time of his sentencing, he "could barely understand basic concepts 5 of the English language, and certainly not American jurisprudence." (Doc. 15, p. 2)

6    "[A] petitioner is entitled to equitable tolling [of the limitation statute] only if he shows 7 (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance 8 stood in his way and prevented timely filing." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 9 2011) (punctuation modified), *cert. denied*, 131 S.Ct. 3039 (2011)  "The petitioner must 10 additionally show that the extraordinary circumstances were the cause of his untimeliness and 11 that the extraordinary circumstances made it impossible to file a petition on time." *Id*. "The 12 high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." 13 *Id*.

14    In this case, Montijo argues generally that he is entitled to equitable tolling because he 15 lacks access to legal materials and legal assistance and because he "barely understands basic 16 concepts of the English language." (Doc. 1, p. 11); (Doc. 15, p. 2) Prisoners, however, do not 17 have a generalized constitutional right to legal materials or legal assistance. *Lewis v. Casey,* 518 18 U.S. 343, 351 (1996). Accordingly, "a pro se petitioner's lack of legal sophistication is not, by 19 itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 20 F.3d 1150, 1154 (9th Cir. 2006). It is possible that a lack of legal resources combined with an 21 inability to understand English might qualify for equitable tolling. *See Mendoza v. Carey*, 449 22 F.3d 1065, 1071 (9th Cir. 2006). However, in this case, there is no evidence supporting 23 Montijo's allegation that he has difficulty understanding English.

24    At his change of plea hearing, Montijo explained to the trial court that when he left 25 school after the 10th grade, he was able to read and understand English. (Doc. 12-1, pp. 31-32) 26 He explained he was fully bilingual in Spanish and English and that he did not need an 27 interpreter. *Id*. Accordingly, the record does not support Montijo's allegation that he does not 28 understand the English language well enough to comply with the limitation statute. *See also*

*Ramirez v. California*, 2009 WL 6439126, 7 (C.D.Cal. 2009) ("In short, a diligent petitioner who is capable of pleading guilty in English has a sufficient command of the English language to ask for and obtain help to prepare and file a timely § 2254 petition.").

Montijo further claims his post-conviction relief counsel rendered ineffective assistance. Unfortunately, this is not an available ground for relief. 28 U.S.C. § 2254(i). If the underlying proceeding were a timely Rule 32 "of right" petition, the claim might be cognizable, but such is not the case. *See* (Doc. 12-3, pp. 17-18) (finding Montijo's conviction became final on March 8, 2004, when he failed to file a timely "of right" notice of post-conviction relief).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Petition for Writ of Habeas Corpus. (Doc. 1) The ineffective assistance of post-conviction relief counsel claim is not cognizable. The remainder are time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 12th day of December, 2012.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge